IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ERIC CHERRON JONES,**

     **Plaintiff,**

    **v.**                                                    **Civil Action No. 3:25cv316**

**SUPERINTENDENT COL. ROY WITHAM,** *et al.,*

     **Defendants.**

## MEMORANDUM OPINION

Eric Cherron Jones, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1]  The matter is before the Court on Mr. Jones's Particularized Complaint (ECF No. 25) and for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  For the reasons stated below, only Claim One (a) against Officer Addayquay survives the Court's screening obligations.

## I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A.  The first standard includes claims based upon "an indisputably meritless legal theory," or claims

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads

2

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.  Summary of Allegations and Claims

By Memorandum Order entered on September 4, 2025, the Court directed Mr. Jones to file a particularized complaint. (ECF No. 24.) Jones complied with that directive. (ECF No. 25.) In his Particularized Complaint, Jones names the following Defendants: Superintendent Col. Roy Witham, Officer Addayquay, V.P.R.J. Medical staff, and Virginia Peninsula Regional Jail ("Defendants"). (ECF No. 25, at 1–2.)[2]

Jones alleges that as of January 2, 2025, he was detained in the Virginia Peninsula Regional Jail pending criminal charges. (ECF No. 25 ¶¶ 1, 10.) On January 5, 2025, the medical department conducted a full examination of Mr. Jones, and he made the medical staff aware that, amongst other issues, he "was suffering a very recent gunshot wound to [his] left leg." (ECF No.

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in quotations from Mr. Jones's submissions.

25 ¶ 2.)  Medical staff provided Mr. Jones with "bacitracin antibiotic ointment, motrin, and

bottom bunk housing status."  (ECF No. 25 ¶ 2.)  Mr. Jones's further contends that:

> On January 15, 2025, I was moved from my bottom bunk in Delta unit and
> transferred to Echo unit and [was] forced to move into a top bunk under threat of
> disciplinary punishment if I refused.
> Upon entering Echo unit, I advised the floor officer Addayquay that I was
> moved from Delta unit cell #15 bottom bunk.  I advised Officer Addayquay that
> that due to medical issues, I have to be housed on the bottom bunk.
> At this time, Officer Addayquay advised me I had to move into cell #118
> on the top bunk because his computer did not reflect my bottom bunk medical need.
> I advised Officer to call medical for verification because I could not climb up and
> down into a top bunk with my medical issue.
> At this time, Office Addayquay advised me that either move into cell #118
> top bunk or face disciplinary punishment for obeying a direct order.
> Under threat of disciplinary action, I moved into Echo unit cell #118 top
> bunk.

(ECF No. 25 ¶¶ 3–6 (paragraph numbers omitted).)  Mr. Jones complained to unidentified

officers and medical staff and wrote grievances and "was told nothing could be done for me until

[he saw] the nurse again."  (ECF No. 25 ¶ 6.)  From January 15 until January 22, Mr. Jones

"suffer[ed] pain from struggling to jump from the chair into the top bunk every day."  (ECF

No. 25 ¶ 7.)

On January 22, 2025, Mr. Jones saw the nurse and "she advised [him that his] bottom

bunk status was reflecting within her computer in medical" and she advised Mr. Jones that "she

would update the medical information."  (ECF No. 25 ¶ 7.)  On January 23, 2025, Mr. Jones was

"moved to a bottom bunk on the top tier in cell #213;" however, "[a]fter a day or two of climbing

up and down the flights of stairs in order to shower [and] eat . . . the constant climbing . . . was

causing [him] extreme pain to [his] injury."  (ECF No. 25 ¶¶ 8–9.)  Mr. Jones complained to

unidentified medical staff and officers and wrote grievances asking to be placed on the bottom

tier so he would not have to use the stairs.  (ECF No. 25 ¶ 9.)  "A call was made to medical and

medical denied my moving to the bottom tier stating I was ok to go up and down the steps."

(ECF No. 25 ¶ 9.) Mr. Jones remained on the top tier until he was released. (ECF No. 25 ¶ 9.)

Mr. Jones raises the following claims for relief:

Claim One:    Defendants were deliberately indifferent to Mr. Jones's medical needs by exposing him "to an excessive risk of harm" in violation of the Fourteenth Amendment by refusing to (a) place him in a bottom bunk, and, later (b) refusing to place him on the bottom tier. (ECF No. 25 ¶ 4.)[3]

## IV. Analysis

### A. Not a Person Under § 1983

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a

person acting under color of state law deprived him or her of a constitutional right or of a right

conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke*

*Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Neither "inanimate objects such as buildings,

facilities, and grounds" nor collective terms such as "staff" or "agency," are persons amenable to

suit under § 1983. *Lamb v. Library People Them*, No. 3:13-8-CMC-BHH, 2013 WL 526887, at

*2 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining the

plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983

claim does not adequately name a 'person'"). A jail or a prison are also not persons under

§ 1983. *See Preval v. Reno*, No. 99–6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations

omitted) (affirming district court's determination that Piedmont Regional Jail is not a "person"

under § 1983); *Hardee v. City of Norfolk*, No. 3:20CV558, 2021 WL 2482681, at *3 (E.D. Va.

---

[3] Mr. Jones identifies a second Eighth Amendment claim against the V.P.R.J. Medical staff. (ECF No. 25, at 6.) However, the conduct alleged is the same denial of adequate medical care as alleged under the Fourteenth Amendment in Claim One. Moreover, because Mr. Jones was a pretrial detainee, the Fourteenth Amendment, not the Eighth Amendment governs his claims. *Moss v. Harwood*, 19 F.4th 614, 624 (4th Cir. 2021) (citing *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988)). In addition, as discussed below V.P.R.J. Medical staff is not a person amenable to suit under § 1983.

June 17, 2021) (dismissing action against jail and Norfolk Sheriff's Office because they are not persons that can be sued under § 1983). The V.P.R.J Medical staff and the Virginia Regional Peninsula Jail are not persons amenable to suit under § 1983. Accordingly, any claim against V.P.R.J Medical staff and the Virginia Regional Peninsula Jail will be DISMISSED for failure to state a claim and as frivolous.

### B. No Respondeat Superior in § 1983

Next, with respect to Superintendent Col. Roy Witham, Mr. Jones fails to allege facts that would plausibly suggest that he was personally involved in the deprivation of Mr. Jones's rights. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676 (citations omitted). To state a legally sufficient claim for an alleged violation of a federal constitutional right, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff['s] rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks omitted); *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (noting that liability is "personal, based upon each defendant's own constitutional violations").

At most, in his statement of his claims, Mr. Jones faults Defendant Witham because he was "overseeing the operations of the V.P.R.J. as seen within paragraph six (6) within statement of facts.[4] I filed request forms, informal complaints, forms and grievances to the highest levels with capacity to the Superintendent level to no avail." (ECF No. 25, at 5.) Mr. Jones also faults

---

[4] Paragraph six alleges that Office Addayquay made Mr. Jones move into a top bunk or face disciplinary punishment. (ECF No. 25, at 3.)

Defendant Witham in his role as supervisor for "overseeing all staff and procedures and polic[ies]. . . ." (ECF No. 25, at 5.) Thus, Mr. Jones attempts to impose liability on Defendant Witham based on his supervisory role as Superintendent of the jail. Contrary to Mr. Jones's suggestion, Defendant Witham is not liable simply because he supervised other individuals who may have violated his rights. *Vinnedge*, 550 F.2d at 928. To the extent that Mr. Jones believes that Defendant Witham is liable under a theory of *respondeat superior* simply based on his position, he fails to state a claim for relief. *Iqbal*, 556 U.S. at 676 (citations omitted).[5] In sum, Mr. Jones fails to allege facts that would plausibly allege that Defendant Witham personally violated his constitutional rights.[6] Any claim against Defendant Witham fails to state a claim for relief and will be DISMISSED without prejudice.

---

[5] To show that a supervising officer failed to fulfill his or her duties to protect an inmate by ensuring his subordinates act within the law, the inmate must show that:

> (1) that the supervisor had actual or constructive knowledge that [the] subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)) (internal quotation marks omitted) (citations omitted). Mr. Jones fails to allege facts that support any one of these three factors.

[6] Mr. Jones does not specifically allege that Defendant Witham personally denied any grievance or appeal that he filed complaining about his lack of bottom bunk status. Even if he had, that allegation alone fails to state a claim for relief. Simply "[r]uling against a prisoner on an administrative complaint does not [automatically] cause or contribute to the [constitutional] violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). *cf. Chamberlain v. Clarke*, No. 7:14–cv–00013, 2014 WL 2154183, at *3 (W.D. Va. May 22, 2014) (noting that an inmate's "dissatisfaction with [a prison official's] responses to his grievances is a non-starter"). Moreover, generally, "a supervisor's after–the–fact denial of a grievance falls short of establishing § 1983 liability." *DePaola v. Ray*, No. 7:12CV00139, 2013 WL4451236, at *8 (W.D. Va. July 22, 2013) (citing *Brooks v. Beard*, 167 F. App'x 923, 925 (3rd Cir. 2006)). Thus, Defendant Witham would not be liable simply because he responded to a grievance appeal complaining about a purported violation of Mr. Jones's rights.

### C. No Personal Involvement Alleged

In Claim One, Mr. Jones contends that Defendant Addayquay was deliberately indifferent to Mr. Jones's medical needs by exposing him "to an excessive risk of harm" in violation of the Fourteenth Amendment by refusing to (a) place him in a bottom bunk; and, later (b) refusing to place him on the bottom tier. (ECF No. 25 ¶ 4.) Mr. Jones only alleges that Defendant Addayquay was involved in the conduct that makes up Claim One (a). Specifically, Mr. Jones contends that on January 15, 2025, Defendant Addayquay refused to check with medical to confirm that Mr. Jones was to be assigned to a bottom bunk. Mr. Jones contends that Defendant Addayquay told him to go to the top bunk or risk punishment, and so Mr. Jones complied. Mr. Jones contends that he experienced pain for seven days due to climbing up on the top bunk.

The Due Process Clause of the Fourteenth Amendment "protects pretrial detainees from 'governmental action' that is not 'rationally related to a legitimate nonpunitive governmental purpose' or that is 'excessive in relation to that purpose.'" *Short v. Hartman*, 87 F. 4th 593, 608–09 (4th Cir. 2023) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). A pretrial detainee may "state a claim under the Fourteenth Amendment, based on a purely objective standard, for prison officials' deliberate indifference to excessive risks of harm." *Id.* at 604–05. To state a claim for deliberate indifference to a medical need, a pretrial detainee must plead that:

> (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

*Short*, 87 F.4th at 611. At this juncture, the Court concludes that Mr. Jones has sufficiently pled a Fourteenth Amendment claim of deliberate indifference against Defendant Addayquay to survive the Court's screening obligations.

With respect to Claim Two (b), Mr. Jones fails to allege facts that would suggest that Defendant Addayquay was personally involved in the decision to place and keep Mr. Jones in a bottom bunk in the top tier beginning on January 23, 2025. Mr. Jones does not mention Defendant Addayquay in the body of the Particularized Complaint beyond the refusal to assign him a bottom bunk on January 15, 2025. Thus, Mr. Jones alleges no personal involvement of Defendant Addayquay in the conduct that makes up Claim One (b). *Trulock,* 275 F.3d at 402 (noting that liability is "personal, based upon each defendant's own constitutional violations"). Accordingly, Claim One (b) against Defendant Addayquay will be DISMISSED for failure to state a claim.

### III. Conclusion

Any claim against V.P.R.J Medical staff and the Virginia Regional Peninsula Jail will be DISMISSED for failure to state a claim and as frivolous. Any claim against Superintendent Roy Witham will be DISMISSED without prejudice for failure to state a claim. Claim One (b) against Defendant Addayquay will be DISMISSED for failure to state a claim. Claim One (a) against Defendant Addayquay sufficiently states a Fourteenth Amendment claim to survive the Court's screening obligations.

The Court will continue to process the action with respect to Claim One (a) against Defendant Addayquay.

An appropriate Order will accompany this Memorandum Opinion.

Date: 11/10/2025
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge