IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ERIC CHERRON JONES,

        Plaintiff,

        v.                                         Civil Action No. 3:25cv316

SUPERINTENDENT COL. ROY WITHAM, *et al.*,

        Defendants.

## MEMORANDUM OPINION

Eric Cherron Jones, a former Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action in which he alleges that experienced deliberate indifference to his serious medical needs during his confinement in the Virginia Peninsula Regional Jail.[1] The matter proceeds on his Particularized Complaint. ("Complaint," ECF No. 25.) The matter is before the Court on the Motion for Summary Judgment filed by Defendant Addaquay, the only remaining Defendant. (ECF No. 33.) The Court provided Jones with a *Roseboro*[2] notice. (ECF No. 38.) Jones has filed a response. (ECF No. 39.) For the reasons set forth below, the Motion for Summary Judgment (ECF No. 33) will be GRANTED.

## I. Procedural History and Claims

In his Complaint, Jones named four defendants: Superintendent Col. Roy Witham Jones, Officer Addaquay, V.P.R.J. Medical Staff, and Virginia Peninsula Regional Jail ("VPRJ"). (ECF No. 25, at 1–2.) Jones raised the following claim for relief:

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court also corrects the spelling, capitalization, and punctuation in the quotations from the parties' submissions.

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

| Claim One: | Defendants were deliberately indifferent to Mr. Jones's medical needs by exposing him "to an excessive risk of harm" in violation of the Fourteenth Amendment by refusing to (a) place him in a bottom bunk, and, later (b) refusing to place him on the bottom tier. (ECF No. 25 ¶ 4.) |

By Memorandum Opinion and Order entered on November 10, 2025, the Court: dismissed any claim against V.P.R.J. Medical Staff and VPRJ with prejudice for failure to state a claim and as frivolous; dismissed any claim against Superintendent Col. Roy Witham without prejudice for failure to state a claim; and dismissed Claim One (b) against Defendant Addayquay with prejudice for failure to state a claim. (ECF Nos. 26, 27.) Accordingly, only Claim One (a) against Defendant Addaquay remains before the Court.

## II. Standard for Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835

2

(4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed." *Id.* (quoting *Munson*, 81 U.S. at 448). Additionally, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

In support of his Motion for Summary Judgment, Defendant Addaquay has submitted his own affidavit (ECF No. 36-1); and certain booking and medical records for Jones maintained by the VPRJ (ECF No. 36-2 through 36-4.)

At this stage, the Court is tasked with assessing whether Jones "has proffered sufficient proof, in the form of *admissible* evidence, that could carry the burden of proof of his claim at trial." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993) (emphasis added). As a general rule, a non-movant must respond to a motion for summary judgment with affidavits or other verified evidence. *Celotex Corp.*, 477 U.S. at 324. Although Jones filed a Response to the Motion for Summary Judgment, he failed to submit a sworn statement or affidavit. Jones also failed to swear to the contents of his Complaint under penalty of perjury.[3] Jones's failure to present any evidence to counter Defendant Addaquay's Motion for Summary Judgment permits

---

[3] The Court notes that even though it is not evidence, Jones's recitation of the alleged facts underlying his claim against Defendant Addaquay is generally consistent with the Defendant Addaquay's affidavit and the other records.

3

the Court to rely solely on Defendant Addaquay's submissions in deciding the Motion for Summary Judgment. *See Forsyth*, 19 F.3d at 1537; Fed. R. Civ. P. 56(c)(3) ("The Court need only consider the cited materials . . . .").

In light of the foregoing submissions and principles, the following facts are established for the Motion for Summary Judgment. All permissible inferences are drawn in favor of Jones.

### III. Undisputed Facts

Defendant Addaquay was employed as an officer at the VPRJ. (ECF No. 36-1 ¶ 1.) Defendant Addaquay does not have authority to make or change bunk assignments. (ECF No. 36-1 ¶ 3.) Special bunk assignments are determined by medical personnel, such as when an inmate is assigned to a bottom bunk. (ECF No. 36-1 ¶ 4.) If an inmate has a special alert, including bunk assignments, it appears on the Offender Alert sheet. (ECF No. 36-1 ¶ 5.)

On January 2, 2025, upon his admission into the VPRJ, Jones underwent a booking screening. (ECF No. 36-2.) Jones informed staff that he was in a car accident and sustained a gunshot wound in his left leg a couple of months before. (ECF No. 36-2, at 1.) On January 3, 2025, Jones had a medical screening. (ECF No. 36-3.) Nothing in the screening indicated that Jones required a bottom bunk. (ECF No. 36-3, at 1–5.) The medical record from his booking and the record through January 15, 2025 also reflects no complaints from Jones about his leg or a need for a bottom bunk. (ECF No. 36-3, at 6–7.)

On January 15, 2025, Jones was assigned to be moved to a new cell and was assigned a top bunk. (ECF No. 36-1 ¶ 6.) At the time Jones was moved, Jones informed Officer Addaquay that he was supposed to be assigned to a bottom bunk per the medical department. (ECF No. 36-1 ¶ 6.) Based on Jones's statement, Defendant Addaquay followed protocol and checked Jones's Officer Alert record. (ECF No. 36-1 ¶ 7.) The Offender Alert record reflected no alert from the

medical department indicating that Jones was assigned to a bottom bunk. (ECF No. 36-1 ¶ 7.)

Defendant Addaquay relayed this information to Jones. (ECF No. 36-1 ¶ 8.)

On January 22, 2025, Jones was seen in the medical department and he informed the

medical provider that he had moved to a new pod and was told that the bottom bunk pass was not

documented in the computer. (ECF No. 36-3, at 7.) On that date, an alert was placed in Jones's

file by medical indicating that he should be assigned to a bottom bunk. (ECF No. 36-4.)

## IV. Analysis

### A. Fourteenth Amendment Principles

Jones was incarcerated at a regional jail at the time of the events described in the

Particularized Complaint, and he indicates that he was "held without bond until pending outcome

of criminal charges." (*See* ECF No. 25, at 2.) Thus, according to Jones, he was a pretrial

detainee. Consequently, the Fourteenth Amendment, not the Eighth Amendment, governs his

claims. *Moss v. Harwood*, 19 F.4th 614, 624 (4th Cir. 2021) (citing *Martin v. Gentile*, 849 F.2d

863, 870 (4th Cir. 1988)). The Due Process Clause of the Fourteenth Amendment "protects

pretrial detainees from 'governmental action' that is not 'rationally related to a legitimate

nonpunitive governmental purpose' or that is 'excessive in relation to that purpose.'" *Short v.*

*Hartman*, 87 F.4th 593, 608–09 (4th Cir. 2023) (citing *Kingsley v. Hendrickson*, 576 U.S. 389,

398 (2015)). A pretrial detainee may establish a "claim under the Fourteenth Amendment, based

on a purely objective standard, for prison officials' deliberate indifference to excessive risks of

harm." *Short*, 87 F.4th at 604–05. Specifically, pretrial detainees must demonstrate:

> (1) they had a medical condition or injury that posed a substantial risk of serious
> harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act
> to appropriately address the risk that the condition posed; (3) the defendant knew
> or should have known (a) that the detainee had that condition and (b) that the
> defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as
> a result, the detainee was harmed.

5

*Id.* at 611. Under this standard, a pretrial detainee need not show "that the defendant had actual knowledge of the detainee's serious medical condition and consciously disregarded the risk that their action or failure to act would result in harm." *Id.* Instead, it is sufficient to show that the defendant's action or inaction was "objectively unreasonable." *Id.* (citing *Kingsley v. Hendrickson*, 576 U.S. at 397. As discussed below, Jones fails to satisfy these factors.

**B. <u>Jones Fails to Show Defendant Addaquay was Deliberately Indifferent</u>**

The record plainly reflects that Defendant Addaquay's actions were not objectively unreasonable. Jones fails to establish that Defendant Addaquay knew or should have known that Jones was suffering from a serious medical condition and that Defendant Addaquay failed to act in the face of that known risk. *Short*, 87 F.4th at 611. Defendant Addaquay was not required to credit Jones's bare assertions that his medical history required a bottom bunk.[4] *Cf. Pennington v. Taylor*, 343 F. Supp. 2d 508, 512–13 (E.D. Va. 2004) (explaining that "[a] prison official need not base a bunk assignment on an inmate's say-so" (citation omitted)), *aff'd* 98 F. App'x 957 (2004). Rather, when Jones informed Defendant Addaquay that he should be assigned a bottom bunk, Defendant Addaquay acted imminently reasonably in response. To determine whether this was true, Defendant Addaquay followed protocol, looked in the computer system to see if there was a special alert for Jones, and when he found none, he relayed this information to Jones. At that time, the undisputed record shows that there was no alert in the system that Jones required a

---

[4] In his Complaint, Jones, at most, alleges that he told "he advised Officer Addayquay that that due to medical issues, I have to be housed on the bottom bunk." (ECF No. 25 ¶ 4.) Even if the Court were to consider this bare non-evidentiary allegation, Jones fails to show that he suffered from a "medical condition that posed a substantial risk of serious harm" by being housed in a top bunk, and Defendant Addaquay "knew or should have known . . . that his action or inaction posed an unjustifiably high risk of harm" to Jones. *Short*, 87 F.4th at 611 (citation omitted).

bottom bunk. Rather, the alert was not added until seven days after Defendant Addaquay checked the system.

To the extent that Jones believes that Defendant Addaquay should have conducted a further investigation into whether Jones required a bottom bunk based on Jones's assertions standing alone (*see* ECF No. 39, at 3, 6), Defendant Addaquay's failure to do so was not objectively unreasonable. Defendant Addaquay was permitted to rely on the fact that there was no bottom bunk alert in Jones's records.[5] *See Pennington*, 343 F. Supp. 2d at 513; *cf. Farmer v. Lyons*, No. PWG-18-567, 2019 WL 3387997, at *9 (D. Md. July 26, 2019) (finding officer who followed protocol to verify whether inmate had a bottom bunk pass and relied on those records was entitled to summary judgment).

Finally, Jones fails to show any harm or injury from Defendant Addequay's actions. *See Short*, 87 F.4th at 611. At most he alleged that he was "suffering pain from struggling to jump from a chair to a top bunk every day" for seven days. (ECF No. 25 ¶ 7.) However, this is insufficient to allege that his top bunk assignment caused an injury. *Cf. Westmoreland v. Brown*, 883 F. Supp. 67, 72 (E.D. Va. 1995) (explaining that "[t]o successfully assert a claim . . . under the Fourteenth Amendment, an inmate must assert not only that the defendants were deliberately indifferent to the substantial risk of harm posed by [the challenged condition], but also that this deliberate indifference *caused* a physical or emotional injury." (emphasis in original)).

Jones fails to demonstrate that Defendant Addaquay "failed to act 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Short*, 87 F.4th at 611 (citing *Farmer v. Brennan*, 511 U.S. 825, 826 (1994)). In sum, Defendant

---

[5] In addition, the medical record from around the time of his booking through January 15, 2025, reflects no complaints from Jones about any injury that would require a bottom bunk. At most, he asked for antibiotic lotion for a healed scar on his left leg. (ECF No. 36-3, at 6.)

Addaquay's actions did not qualify as objectively unreasonable. Jones fails to establish that Defendant Addaquay violated his rights under the Fourteenth Amendment. Claim One (a) lacks merit and will be DISMISSED WITH PREJUDICE.

### IV.  Prison Litigation Reform Act ("PLRA")

Under the PLRA, this Court must dismiss a "case at any time if the [C]ourt determines that" the action "is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). The standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F.Supp. 417, 427 (E.D.Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). This provision applies to cases dismissed at the summary judgment stage. *See Blakely v. Wards*, 701 F.3d 995, 1001 (4th Cir.2012). The record reflects that the factual contentions of Jones's present action "are clearly baseless." *Id.* (quoting Neitzke, 490 U.S. at 327); *see Blakely*, 701 F.3d at 1000 n. 2 ("Making an [Americans with Disabilities Act] claim without being disabled surely supports a frivolity determination and certainly supported the district court's decision that that dismissal counted as a strike."). Thus, the action is factually and legally frivolous.

### V.  Conclusion

Defendant Addaquay's Motion for Summary Judgment (ECF No. 35) will be GRANTED. Claim One (a) will be DISMISSED WITH PREJUDICE. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 7/24/26
Richmond, Virginia

_____ /s/
M. Hannah Lauck
Chief United States District Judge

8